UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMIE OGAN | CIVIL ACTION NO. |
| VERSUS | |
| DENIS TARDIF, ET AL. | 21-16-SDD-EWD |

**NOTICE AND ORDER**

This is a civil action involving claims for damages by Jamie Ogan ("Plaintiff") based upon the injuries she allegedly sustained on October 24, 2019 in a motor vehicle accident that occurred in Livingston, Louisiana (the "Accident").[1] Plaintiff alleges the Accident was caused when the vehicle she was driving was hit by the vehicle driven by Defendant Denis Tardif ("Tardif") while in the course and scope of his employment with Defendant Transport LDC, Inc. d/b/a LDC Express ("Transport").[2] On August 24, 2020, Plaintiff filed her Petition for Damages ("Petition") in the Twenty-First Judicial District Court for the Parish of Livingston against Tardif, Transport, and Aviva Insurance Company of Canada ("Aviva"), the alleged liability insurer of Transport and/or Tardif.[3] Plaintiff contends that she suffered personal injuries and property damage as a result of the Accident, caused by the negligence of Defendants.[4] On January 7, 2021, the matter was removed by Transport to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[5] However, as explained below, the Notice of Removal is deficient in its allegations regarding the citizenship of the parties and the amount in controversy.

---

[1] R. Doc. 1-2, ¶¶ 2-3.
[2] R. Doc. 1-2, ¶¶ 2-4
[3] R. Doc. 1-2, ¶¶ 1, 8.
[4] R. Doc. 1-2, ¶ 7.
[5] R. Doc. 1, ¶ 4.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal is largely deficient as to the citizenship of the parties; however, the Petition provides additional information; namely, that Plaintiff is citizen of Louisiana and Tardif is a citizen of Canada.[6] The Petition alleges that Transport's principal place of business is in Canada, and the Notice of Removal appears to allege that Transport is organized in Canada.[7] Therefore, these parties appear diverse.[8] However, the citizenship of Aviva is unclear. The Notice of Removal alleges nothing with respect to Aviva; the Petition alleges that Aviva is "domiciled in Ontario, Canada."[9] By its name, Aviva appears to be a corporation. For purposes of diversity, "[a] corporation is a citizen of its place of incorporation and its principal place of business."[10] Therefore, Aviva's place of incorporation and its principal place of business must be properly pled.

It is also not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[11] The Petition alleges Plaintiff's injuries as follows:

> 7.
> As a result of this collision, plaintiff, Jamie Ogan, has sustained serious injuries, including, the following non-exclusive elements of damages:
> a. Physical pain and suffering (past, present and future);
> a. Mental anguish and suffering (past, present and future);
> b. Loss of enjoyment of life (past, present and future);
> c. Disfigurement and disability;

---

[6] R. Doc. 1-2, ¶ 1(a) and introductory paragraph.
[7] R. Doc. 1, ¶ 3 and R. Doc. 1-2, ¶ 1(b).
[8] If either of these allegations are incorrect, Transport must correct them in the amended Notice of Removal that Transport is ordered to file herein.
[9] R. Doc. 1-2, ¶ 1(c).
[10] 28 U.S.C. § 1332(c). *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[11] *See* 28 U.S.C. §1332(a).

        d.        Medical Expenses (past, present and future);
        e.        Lost Wages and Earnings (past, present and future);
        f.        Property damages, and;
        g.        Other elements of damages developed during discovery and/or demonstrated with particularity at the trial of this matter.[12]

Transport merely relies on these allegations in the Notice of Removal, and further asserts that Plaintiff has not stipulated that her damages are less than $75,000, as required by La. C.C.P. art. 893.[13]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's general allegations in the Petition of "serious injuries" and demands for general categories of damages (*e.g.*, physical pain and suffering, mental anguish, loss of enjoyment of life, disability, *etc.*) are insufficient to establish the amount in controversy.[14] "[C]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[15]

---

[12] R. Doc. 1-2, ¶ 7.
[13] R. Doc. 1, ¶¶ 5-6. Transport also alleges that Plaintiff claimed "suffer[ing] severe and grievous injury to body and mind," at R. Doc. 1, ¶ 5; however, that specific allegation is not in the record.
[14] Even allegations of *permanent* disability, which are not pled here, standing alone with no specification as to the affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement. *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries. Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").
[15] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.

Transport has not provided any details regarding the actual injuries suffered by Plaintiff, the extent of Plaintiff's medical treatment thus far; whether Plaintiff's injuries are permanent; and Plaintiff's prognosis and recommended future treatment, including whether Plaintiff has been recommended for surgery. Transport has not offered any specific medical information regarding Plaintiff's injuries, treatment, prognosis, and expenses in support of the amount in controversy, or information regarding Plaintiff's property damages or alleged lost wages. There is also no evidence of discovery responses or relevant documents produced in discovery relevant to the amount in controversy. Finally, with respect to La. C.C.P. article 893(A)(1), this Court has held that a "plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy."[16]

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the parties are completely diverse and whether the amount in controversy requirement has been met.[17]

Accordingly,

**IT IS ORDERED that, on or before January 18, 2021,** Defendant Transport LDS, Inc., d/b/a LDC Express shall file a motion to substitute its Notice of Removal with a proposed comprehensive amended Notice of Removal (*i.e.*, that includes all of Transport's numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case, and which will

---

[16] *Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *5 (M.D. La. Oct. 25, 2018), *report and recommendation adopted sub nom., Hopkins v. Crown Associated, LLC*, No. 18-00595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019), *citing Weber v. Stevenson*, No. 07-5595, 2007 WL 4441261, at * 4 (M.D. La. Dec. 14, 2007) (other citations omitted).

[17] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

become the operative Notice of Removal in this matter without reference to any other document in the record.

**IT IS FURTHER ORDERED that, on or before January 25, 2021,** Defendant Transport LDS, Inc., d/b/a LDC Express shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before February 8, 2021,** Plaintiff Jamie Ogan shall file either: (1) a Notice stating that Plaintiff does not dispute that Transport has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, January 11, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**